**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL ROSS,**<br>**c/o Katherine R. Atkinson**<br>**Wilkenfeld, Herendeen & Atkinson**<br>**1731 Connecticut Ave, NW**<br>**Third Floor**<br>**Washington, DC 20016**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF STATE,**<br>**2201 C Street, NW**<br>**Washington, DC 20520**<br><br>**Defendant.** | **No. 1:17-cv-00067** |

**<u>COMPLAINT FOR INJUNCTIVE RELIEF</u>**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act (FOIA), 5 USC §552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff, Michael Ross, by Defendant, the U.S. Department of State ("Department of State," "State") following Plaintiff's proper FOIA requests to the Department of State.

**JURISDICTION AND VENUE**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 USC §552(a)(4)(B) and 5 USC § 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 USC §1331.

3. Venue is premised on Defendant's location and lies in this district under 5 USC §552 (a)(4)(B).

4. Plaintiff has exhausted all administrative remedies available. Defendant failed to make an initial determination or produce the records within the time frame set by FOIA.

**PARTIES**

5. Plaintiff is an employee of the Department of State and a resident of Rockville, Maryland. Plaintiff lives in Belgium due to his current post with State.

6. Defendant, Department of State, is a Department of the Executive Branch of the United States Government. The Department of State is an agency within the meaning of 5 USC §552 (f).

**FACTUAL ALLEGATIONS**

First FOIA Request

7. By electronic filing on May 20, 2016, to the Department of State, Plaintiff requested copies of all emails, memoranda, notes, and official forms from September 1, 2015 to the present related to (i) the decision to fill the Bureau of Overseas Building Operations Executive Director vacancy on a non-competitive basis, (ii) the decision to select Cynthia M. Saboe for the position, and (iii) implementation of Ms. Saboe's assignment to the position.

8. By email dated May 20, 2016, the FOIA Requester Service Center of the Department of State advised Plaintiff that his FOIA request had been received and that it had been assigned Case No. F2016-05651.

9. By email dated October 31, 2016, addressed to the FOIA Requester Center of the Department of State, Plaintiff wrote that it had been five months and eleven days since he filed his FOIA request. He explained that the request was simple and the requested

information should be readily available in email archives. He then thanked the office for moving the issue forward.

10. By email dated October 31, 2016, Dominique Cotton of the FOIA Requester Service Center of the Department of State informed Plaintiff that the estimated completion date for his FOIA request was June 30, 2017.

11. More than twenty days have passed since the Department of State received Plaintiff's FOIA request, and it has not notified Plaintiff as to whether it will fully comply with his request. Thus, under 5 USC §552 (a) (6) (A) and 5 USC §552 (a) (6) (C), Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

12. Plaintiff has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and the Department of State has wrongfully withheld the sought-after documents.

Second FOIA Request

13. By electronic filing on June 22, 2016, submitted to the Department of State, Plaintiff requested copies of all climate surveys conducted by the Office of the Ombudsman for the Bureau of Overseas Building Operations from January 1, 2014 through the present.

14. By email dated June 22, 2016, the FOIA Requester Service Center of the Department of State advised Plaintiff that his FOIA request had been received and that it had been assigned Number F2016-07005.

15. By email dated October 31, 2016, addressed to the FOIA Requester Center of the Department of State, Plaintiff advised that it had been four months and nine days since he had submitted his request. He explained that the information should be easily retrievable from the Ombudsman's files and thanked the office for their attention to the matter.

16. By email dated October 31, 2016, Jasmin Berhane of the FOIA Requester Service Center of the Department of State, informed Plaintiff that the estimated completion date for his FOIA Request Case No. F2016-07005 is December 31, 2017.

17. By email dated November 2, 2016, addressed to the Department of State, Plaintiff treated the failure on the part of the Department of State to produce the sought-after records within the time parameters set forth in 5 USC §552 as a denial and requested information on the administrative appeal process.

18. By email dated November 4, 2016, the Department of State advised Plaintiff that there is no administrative appeal process for estimated completion dates.

19. More than twenty days have passed since the Department of State received Plaintiff's FOIA request and the Department has not notified Plaintiff as to whether it will fully comply with his request. Thus, under 5 USC §552 (a) (6) (A) and 5 USC §552 (a) (6) (C), Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

20. Plaintiff has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and the Department of State has wrongfully withheld the sought-after documents.

<u>Third FOIA Request</u>

21. By electronic filing on August 16, 2016, submitted to the Department of State, Plaintiff, requested copies of all correspondence from January 1, 2015 to the present pertaining to the senior cedes for position number 58366207, Islamabad Project Director, and position number 58328469, Moscow Project Director.

22. By email dated August 16, 2016, the FOIA Requester Service Center of the Department of State advised Plaintiff that his FOIA request had been received and that it had been assigned Case Number F2016-10359.

23. By email dated October 31, 2016, addressed to the FOIA Requester Center of the Department of State, Plaintiff advised that it had been seventy-six (76) days since he had submitted his FOIA request. He wrote that the information should be easily obtainable from email arches and assignment records held in the offices listed in the request and thanked the office in advance for wrapping up his request as soon as possible.

24. By email dated November 1, 2016, Dominique Cotton of the FOIA Requester Service Center of the Department of State, informed Plaintiff that the estimated completion date for his FOIA Request Case No. F2016-10359 is December 31, 2017.

25. By email dated November 2, 2016, addressed to the FOIA Requester Service Center of the Department of State, Plaintiff treated the failure on the part of the Department of State to produce the sought-after records within the time parameters set forth in 5 USC §552 as a denial and requested information on the administrative appeals process.

26. By email dated November 4, 2016, M. Tillery of the FOIA Requester Service Center of the Department of State, informed Plaintiff that there is no administrative appeal process for estimated completion dates and that the estimated completion date for his case is December 31, 2017.

27. In an email dated November 18, 2016, Plaintiff's counsel informed the FOIA Requester Service Center of the Department of State that the delay in responding to Plaintiff's FOIA request was contrary to law but offered to delay filing a complaint for an additional one to two weeks if the Department agreed to respond within a reasonable amount of time.

28. In an email dated November 21, 2016, M. Tillery of the FOIA Requester Service Center of the U.S. Department of State informed Plaintiff's counsel that the concerns had been forwarded to the Branch handling Plaintiff's FOIA request.

29. On December 14, 2016, M. Tillery informed Plaintiff and Plaintiff's counsel that the assigned analyst advised that a search request had been sent to the Bureau of Overseas Buildings and Operations and that the FOIA Requester Service Center was awaiting a reply from that Bureau.

30. To date, Plaintiff has not received any of the documents requested in any of his three FOIA requests.

31. More than 20 days have passed since the Department of State received Plaintiff's FOIA request, and it has not notified Plaintiff as to whether it will fully comply with his request. Thus, under 5 USC §552 (a) (6) (A) and 5 USC §552 (a) (6) (C), Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

32. Plaintiff has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and the Department of State has wrongfully withheld the sought-after documents.

**COUNT ONE**

33. Plaintiff repeats, realleges, and incorporates the allegations in paragraphs 1-32 above as though set forth fully herein.

34. The State Department's response to Plaintiff's FOIA requests violated the statutory deadlines imposed by FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

35. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request number F2016-05651.

36. Plaintiff is entitled to injunctive relief compelling the disclosure of the requested documents and reasonable attorneys' fees and costs.

**COUNT TWO**

37. Paragraphs 1-36 above are hereby incorporated by reference as if set forth fully herein.

38. The State Department's response to Plaintiff's FOIA requests violated the statutory deadlines imposed by FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

39. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request number F2016-07005.

40. Plaintiff is entitled to injunctive relief compelling the disclosure of the requested documents and reasonable attorneys' fees and costs.

**COUNT THREE**

41. Paragraphs 1-40 above are hereby incorporated by reference as if set forth fully herein.

42. The State Department's response to Plaintiff's FOIA requests violated the statutory deadlines imposed by FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

43. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request number F2016-10359.

44. Plaintiff is entitled to injunctive relief compelling the disclosure of the requested documents and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

a. Order Defendant to produce all responsive agency records within ten business days of the Court's Order in this matter;

b. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

c. Grant such other relief as the Court may deem just and proper.

Dated: January 12, 2017

Respectfully submitted,

Katherine R. Atkinson (Bar No. MD17246)
Wilkenfeld, Herendeen & Atkinson
1731 Connecticut Avenue, NW
Third Floor
Washington, DC 20009
T: 202.765.2253
F: 202.600.2792
katherine@wilkenfeldlaw.com